UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01750-JDE | Date | May 13, 2024 |
|---|---|---|---|
| Title | Safety Vision, LLC v. Enterprise Funding Group, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Maria Barr | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:**  (In Chambers) Further Order to Show re Failures to Comply Local Rule 16

  On January 2, 2024, Plaintiff Safety Vision LLC ("Plaintiff") and Defendant Enterprise Business Consulting Inc. d/b/a/ Enterprise Funding ("Defendant"), the only remaining defendant that has not been terminated or as to whom no default has been entered, filed a Joint Report and Stipulation requesting that a prior stay order be lifted and a trial and deadlines be set. Dkt. 139 ("Stipulation"). Based on the Stipulation and the record, on January 3, 2024, the Court entered an order lifting the stay and setting a trial date of June 4, 2024, final pretrial conference date of May 23, 2024, and other deadlines, including an April 5, 2024, deadline to complete alternative dispute resolution ("ADR") proceedings. Dkt. 140 ("Amended Scheduling Order").

  Based on the Stipulation, the ADR proceeding set was private mediation, with the parties "ordered to complete such a mediation by [April 5, 2024] and file a Joint Report as to the outcome of the mediation within five days of completion." Id. at 2. If the mediation occurred on the last possible day, the last day to file the Joint Report was April 10. No such report was filed. As a result, the Court ordered the parties file a Joint Report by April 12, 2024, regarding the outcome of the mediation, among other things. Dkt. 142 ("Prior OSC"). The parties did not file a Joint Report by April 12. Instead, Plaintiff filed a Report on April 12 that generally complained about failures by Defendant and defaulted defendant, John Lagatta, to appear for deposition and otherwise participate in the action. Dkt. 143 ("Response"). Plaintiff further advised that counsel for Defendant suggested Plaintiff file a dispositive motion, which Defendant would not oppose. Id. Plaintiff's counsel asserts that it "took no further steps to seek a private party to mediate or incur further litigation expense in trying to obtain cooperation of Mr. Lagatta." Id. Plaintiff concludes its Response by stating it "wishes to . . . remove its request for a jury trial" and instead proceed as a bench trial. Id. However, Plaintiff never thereafter filed any dispositive motion, nor did Plaintiff file any application or formal request to strike Defendant's demand for jury trial asserted in its Answer. See Dkt. 67 at 1, 14.

  More than a month has passed since the filing of the Response, with the Final Pretrial Conference set to proceed on May 23, 2024. In the interim, the deadline for each party to file its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-01750-JDE | Date | May 13, 2024 |
|---|---|---|---|
| Title | Safety Vision, LLC v. Enterprise Funding Group, et al. | | |

Memorandum of Contentions of Fact and Law (which should include, among many other things, a statement by each party whether any issues are triable to a jury as a matter of right and if so, whether a timely demand for a jury trial has been made) has run (see Local Civil Rule ("L.R.") 16-4, et seq.); the deadline for each party to file its own witness list has run (see L.R. 16-5); and the deadline for the parties to file a Joint Exhibit List has run (see L.R. 16-6.1), in each instance without any of the foregoing documents having been filed. In fact, no filings of any kind have been made by any party since the filing of the Response. The deadline for Plaintiff to lodge a proposed Final Pretrial Conference Order will run as of the date of this Order.

As a result of the foregoing, each party is ORDERED TO SHOW CAUSE, in writing, by May 16, 2024, why sanctions should not be imposed on such party, including potential monetary sanctions and/or other sanctions available under the applicable authorities, for the foregoing failures to comply the requirements of Local Rule 16, et seq., set forth above. Plaintiff is advised that a failure by Defendant to "cooperate" does not excuse Plaintiff from filing its Memorandum of Contentions of Fact and Law and its Witness List, each of which Plaintiff was required to file on its own, nor does it excuse Plaintiff from taking independent steps to prosecute this action in a timely fashion, as required by Rules 1 and 41(b) of the Federal Rules of Civil Procedure. Plaintiff is also ordered to explain why, after Defendant suggested Plaintiff file a dispositive motion on February 12, 2024 (see Dkt. 143-2 at 1), Plaintiff has not done so more than two months later, now ten days before the Final Pretrial Conference. Plaintiff is further advised that a unilateral statement in a report that a party wishes to proceed with a bench trial, rather than a jury trial, does not, by itself, terminate an opposing party's potential right to a jury trial demanded in its answer, nor is it a motion or application, supported by evidence and argument, necessary for a request to overcome an opposing party's demand for a jury trial to be properly considered.

The parties are advised that a jury has been summonsed to appear on June 4, 2024, and, as of the date of this Order, barring an intervening contrary order, a jury trial will proceed starting on that date. Each party is further directed to include in its response to this Order to Show Cause, its position as to "whether any issues are triable to a jury as a matter of right and, if so, whether a timely demand for jury has been made, or whether the matter will be tried to the Court" (L.R. 16-4.4; see also Fed. R. Civ. P. 38(a),(b),(d); L.R. 38-1. Counsel for the parties are welcome to confer and jointly propose an approach to resolve the matter short of trial on an expedited basis, but given the age of the case and the lack of any apparent recent diligence by the parties, the parties are advised that a trial continuance is unlikely to be granted.

IT IS SO ORDERED.